IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                        )<br>          Plaintiff,             )<br>                                                        )<br>vs.                                                   )<br>                                                        )<br>LEANDRO VELAZQUEZ,       )<br>                                                        )<br>          Defendant.           ) | Case No. 14-CR-30032-MJR |

## ORDER ON JUNE 18, 2015 MOTIONS

**REAGAN, Chief Judge:**

Indicted in February 2014 on charges of conspiracy to commit mail and wire fraud, Leandro Velazquez (Defendant) was arrested in Florida. He initially appeared and was arraigned in this District on March 25, 2014, at which time Judge Donald G. Wilkerson reviewed Defendant's financial affidavit, found Defendant financially unable to obtain counsel, and appointed CJA Panel attorney Robert Elovitz for Defendant (*see* Docs. 18, 19). Following an in-court hearing in July 2014, the undersigned granted attorney Elovitz's motion to withdraw and (Defendant still being indigent) appointed CJA Panel attorney Christopher Threlkeld to represent Defendant (*see* Docs. 36, 37).

A superseding indictment was returned. At an October 3, 2014 hearing Defendant waived arraigned on the superseding indictment and entered a plea of not guilty. Jury trial was continued on Defendant's motion to January 12, 2015. Motions were filed and resolved. Ultimately, Defendant entered a guilty plea on December 19, 2014, and sentencing was set for April 3, 2015 (*see* Docs. 76, 77).

On March 10, 2015, attorney Alison H. Motta of Aurora, Illinois entered her appearance on Defendant's behalf as *retained* counsel. At that point, the Court granted

appointed counsel Threlkeld's motion to withdraw as defense counsel.  Sentencing was continued on defense counsel's motion to May 28, 2015.  Defendant was sentenced to a 108-month term of imprisonment on Count 1. (Count 2 was dismissed on the Government's motion.)  Judgment was entered June 4, 2015.

On June 18, 2015, attorney Motta filed a notice of appeal and docketing statement on Defendant's behalf (Docs. 108, 109).  After filing the notice of appeal, Ms. Motta filed two other motions (Docs. 110 and 111).  Both motions seek to "retain or re-establish" Defendant's *in forma pauperis* status.  One motion also asks the Court to permit Ms. Motta to "withdraw as counsel on appeal" and to "suspend briefing while this motion is pending" (Doc. 111).

Counsel explains that Defendant was and remains indigent (as indicated on his CJA 23 affidavit and found by Judge Wilkerson), that his extended family raised enough funds to retain her for "the tail-end of the proceedings in district court" (the sentencing), that the family has depleted all available funds, and that they cannot continue to pay for retained representation for Defendant.  Counsel attests that "all information previously submitted in order to establish IFP status remains the same" and Defendant remains incarcerated in Salem, Illinois (Doc. 110, p. 1).

The Court **GRANTS IN PART** and **DENIES IN PART** the June 18, 2015 motions (Docs. 110, 111).  The motions are *granted* only to the extent that the Court **confirms** the finding -- made by Judge Wilkerson (based on Defendant's sworn CJA 23 Affidavit), renewed by the undersigned Judge when he appointed CJA Panel attorney Threlkeld, and disclosed by the record to still be accurate now -- that Defendant is financially unable to retain counsel.

The motions are *denied* as to all other relief sought, including the request that Ms. Motta be allowed to withdraw as appellate counsel and that all briefing be suspended. Once judgment has been entered and an appeal has been filed, only the Court of Appeals can allow defense counsel to withdraw, and only the Court of Appeals can appoint new counsel for purposes of appeal. *See, e.g., United States v. Flowers,* 789 F.2d 569, 570 (7th Cir. 1986)(per curiam); *Corral v. United States,* 498 F.3d 470, 474 (7th Cir. 2007).

Similarly, Circuit Rule 51 provides (emphasis added):

Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal **unless specifically relieved by the court of appeals** upon a motion to withdraw. Such relief shall be freely granted.

Simply put, the undersigned lacks the authority to permit Ms. Motta to withdraw, to appoint new counsel to handle the appeal, or to suspend any briefing related to the appeal. Those requests must be made to the Seventh Circuit. No matters remain pending here, and jurisdiction now lies in the Court of Appeals.

IT IS SO ORDERED.

DATED June 23, 2015.

**Michael J. Reagan**
Michael J. Reagan
United States District Judge